**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WYNOMA P. HOLLIS, an Individual,

        Plaintiff,

vs.                                      Case No. 3:12-cv-483-J-34JRK

CBS TV 47/CLEAR CHANNEL
BROADCASTING INC. and
JACKSONVILLE HUMAN RIGHTS
COMMISSION,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the Affidavit of Indigency (Doc. No. 2), filed April 27, 2012, which the Court construes as a Motion to Proceed In Forma Pauperis. On that same date, Plaintiff filed a Complaint (Doc. No. 1), which she subsequently amended on May 18, 2012, see "Amended Pleading (Subsequent to Original Complaint)" (Doc. No. 5; "Amended Complaint"). A comparison of the Complaint and the Amended Complaint does not reveal significant differences. In the Amended Complaint, Plaintiff adds case discussions, summarizes CBS TV 47's position (even though CBS TV 47 has not appeared in this action), and attaches some different documents than those attached to the Complaint. However, the factual allegations remain identical. On June 25, 2012, Plaintiff filed a supplement to the Amended Complaint. See "Re: Federal Rule 26(a)(1)(B) Duty to Disclose: General Provisions

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections may bar a party from a de novo determination by a district judge and from attacking factual allegations on appeal. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Governing Discovery" (Doc. No. 7; "Supplement"). Upon review of the Amended Complaint, the Supplement, and the remainder of the file, the undersigned recommends that this case be dismissed.[2]

## I. Factual Allegations

In the Amended Complaint, Plaintiff asserts she was discriminated against on the basis of her race and religion in violation of "the 1964 Civil Rights Act, Title II, Title VII and the [Fourteenth] Amendment in the U.S. Constitution." Am. Compl. at 3, 6. According to Plaintiff, she authored a book entitled, "Holy Days and Holidays: The Truth About the Sabbath, Easter and Christmas." Id. at 1. To promote her book, Plaintiff purchased two months worth of website advertisements from CBS TV 47. Id. Plaintiff requested an on-camera interview with CBS TV 47, but the request was denied. Id. Plaintiff asserts that CBS TV 47's reason for denying Plaintiff's request for an interview "was the topic was 'too heavy and it might alienate some in the community.'" Id. (emphasis omitted). Plaintiff alleges that in May 2010, the same television station interviewed "a white university professor promoting his Christian book." Id. at 2. Plaintiff notes that after she watched the interview of the university professor, she became upset because the station had not provided her the same opportunity as it did the professor. Id. On June 22, 2010, Plaintiff apparently "went to Jacksonville Human Rights Commission (["]JHRC["]) and filed a discrimination Complaint." Id. at 3. The JHRC "denied her complaint," and Plaintiff contends that she names JHRC as a Defendant herein for their

---

[2] Although the Court usually provides plaintiffs seeking to proceed in forma pauperis an opportunity to amend their complaints, Plaintiff has already amended her Complaint once and for the reasons discussed herein, further amendment would be futile in this instance.

"dereliction of duty" by denying her complaint. Id.  As relief, Plaintiff requests $1.3 million from CBS TV 47 and $200,000 from JHRC. Id. at 13.

Plaintiff filed the Supplement because she "believes this information will further show that her complaint of discrimination by [CBS] TV 47 is valid." Supplement at 1. In the Supplement, Plaintiff alleges that she had a garage sale on April 17, 2010 to raise money to help with the expenses of her granddaughter's death. Id. Plaintiff contends that a reporter from CBS TV 47 came "to her house to do a preview of the garage sale on April 16." Id. While the reporter was at Plaintiff's house, "Plaintiff asked the reporter if he would show in the story that she would be signing copies of her book . . . at the sale." Id. When the story about Plaintiff's garage sale aired, the book was not shown. Id. at 2. Plaintiff then explains that on July 13, 2010 "CBS TV 47 aired a story about Pastor Terry Jones, a white preacher" who authored a religious book. Id. Plaintiff contends that this is another example of discrimination because she "was not given the same treatment with her book." Id.

In Plaintiff's Amended Complaint, Plaintiff first summarizes findings made by an unnamed trial court and notes her disagreement with those findings. See Am. Compl. at 9-13. Then, Plaintiff asserts that she "doesn't believe that the Federal Law will or can agree with" the trial court's ruling. Id. at 10 (emphasis omitted). Upon a close review of the Amended Complaint, it becomes clear Plaintiff is discussing a state court case she had filed, which contained, for all intents and purposes, the same factual allegations and legal assertions as the Amended Complaint filed here.[3]  See Hollis v. CBS 47 TV Station/Clear Channel

---

[3]  Plaintiff attached some of the state court documents to her Complaint. See Doc. Nos. 1-2, 1-3, 1-4.

Broadcasting, Inc., No. 16-2010-CA-11381 (Fla. 4th Cir. Ct. 2010). According to the state court docket, of which the undersigned takes judicial notice,[4] Plaintiff filed the state court action on September 9, 2010 against the same two defendants named in the instant case. The underlying facts and claims of discrimination alleged in the state court action arise from the exact same factual scenario which Plaintiff describes here. In the state court complaint, Plaintiff asserted that the defendants violated Title II of the 1964 Civil Rights Act by refusing to provide her with an on-camera interview to promote her book. Both defendants filed motions to dismiss Plaintiff's state court complaint. On March 14, 2011, the state court granted the defendants' motions to dismiss, dismissed the complaint with prejudice, and entered final judgment.[5] The crux of the state court's decision was that a television station is not a public accommodation pursuant to Title II of the Civil Rights Act of 1964. That court also noted that Plaintiff "does not have a right to determine what the media publishes. CBS 47's editorial process is protected by the First Amendment and is not subject to a private right

---

[4] A court may take judicial notice of documents filed in another court "to establish the fact of such litigation and related filings," but "not for the truth of the matters asserted in the other litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal quotations and citation omitted) (recognizing further that "a court may take judicial notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation"); Martin K. Eby Constr. Co. v. Jacobs Civil, Inc., No. 3:05-cv-394-J-32TEM, 2006 WL 1881359, at *1 (M.D. Fla. July 6, 2006) (unpublished) (citations omitted) (noting that a court "may take judicial notice of documents filed in other judicial proceedings . . . for the limited purpose of recognizing the 'judicial act' taken, or the subject matter of the litigation and issues decided"); see generally Schafler v. Indian Spring Maint. Ass'n, 139 F. App'x 147, 149 (11th Cir. 2005) (unpublished) (taking judicial notice of orders issued in other lawsuits); O'Neal v. Bank of Am., N.A., No. 8:11-cv-107-T-17TGW, 2012 WL 629817, at *2 (M.D. Fla. Feb. 28, 2012) (unpublished) (taking judicial notice of state court dockets); Duldulao v. La Creperia Café, Inc., No. 8:11-cv-1413-T-23TBM, 2011 WL 6840585, at *1 n.1 (M.D. Fla. Dec. 29, 2011) (unpublished) (noting that courts may take "judicial notice of the docket and the record of another lawsuit"); see also Fed. R. Evid. 201(b).

[5] Plaintiff attached a copy of the state court's order to the original Complaint. See Doc. No. 1-2, pp. 1-6. The document was also recorded in the Duval County Public Records on March 17, 2011. See book 15544, pp. 1460-65, available at http://www.duvalclerk.com/oncoreweb/showdetails.aspx?id=11063223&rn=4&pi=0&ref=search.

of action or judicial review." Plaintiff appealed that decision to the First District Court of Appeal of Florida, which entered a per curiam opinion on January 23, 2012 affirming the trial court's decision.[6]

## II. Discussion

There are two fatal deficiencies within Plaintiff's Amended Complaint. First, Plaintiff's claim of discrimination on the basis of her race and religion because she was denied an on-camera interview has already been fully litigated in state court; therefore, pursuant to the doctrine of res judicata, Plaintiff cannot now relitigate her claim here. Second, within Plaintiff's claim, Plaintiff raises the specific legal issue of whether a television station falls into the category of a "public accommodation." That specific legal issue was litigated in Plaintiff's state court case and is barred by the doctrine of collateral estoppel. Because these two doctrines are closely related, they are discussed together.

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim may be considered frivolous if an affirmative defense would defeat the action. See, e.g., Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639-40 (11th Cir. 1990); Algieri v. Vanaski, No. 6:08-cv-766-Orl-31GJK, 2008 WL 5147353, at *4 (M.D. Fla. Dec. 8, 2008) (unpublished) (recognizing that

---

[6] Plaintiff attached a copy of this opinion to the original Complaint. See Doc. No. 1-3, pp. 1-3; see also Doc. No. 1-4, pp. 1-2. The document was also recorded in the Duval County Public Records on April 16, 2012. See book 15913, pp. 1113-14, available at, http://www.duvalclerk.com/oncoreweb/showdetails.aspx?id=11063223&rn=4&pi=0&ref=search.

"[w]hen a defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading"). Res judicata and collateral estoppel are affirmative defenses which may justify dismissal of a claim as frivolous. Clark, 915 F.2d at 641 n.2 (citing Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989); Patterson v. Aiken, 628 F. Supp. 1068, 1076 (N.D. Ga. 1985)); Slater v. U.S. Dep't of Veteran Affairs, No. 6:08-cv-160-Orl-22GJK, 2008 WL 977225, at *3 (M.D. Fla. Apr. 9, 2008) (unpublished).

"Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986) (citations omitted). This doctrine not only bars "the precise legal theory presented in the previous litigation, but [it bars ] all legal theories and claims arising out of the same operative nucleus of fact." Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356-57 (11th Cir. 1998) (quoting Manning v. City of Auburn, 953 F.2d 1355, 1358 (11th Cir. 1992)). When applying the doctrine of res judicata, "[f]ederal courts apply the law of the state in which they sit." N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990); see Cmty. State Bank v. Strong, 651 F.3d 1241, 1263 (11th Cir. 2011); see also Allah El v. Avesta Homes, No. 8:11-cv-2192-T-33TGW, 2012 WL 515912, at *4 (M.D. Fla. Feb. 16, 2012) (unpublished) (alterations, quotations, and citations omitted) (noting that "federal courts must give state court judgments full faith and credit under 28 U.S.C. § 1738 and apply the state's preclusion law to determine the res judicata effect of the prior state court judgment"). "[B]oth federal and Florida principles of res judicata require virtually identical elements." Koziara v. City of Casselberry, 239 F.

Supp. 2d 1245, 1254 n.16 (M.D. Fla. 2002). Those elements are as follows: "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." I.A. Durbin, Inc., 793 F.2d at 1549 (citations omitted); see Aquatherm Indus., Inc. v. Fla. Power & Light Co., 84 F.3d 1388, 1394 (11th Cir. 1996); USA Interactive v. Dow Lohnes & Albertson, P.L.L.C., 328 F. Supp. 2d 1294, 1315 (M.D. Fla. 2004); Hann v. Carson, 462 F. Supp. 854, 859-60 (M.D. Fla. 1978).

Here, Plaintiff's claim of racial and religious discrimination based on the denial of her request for an on-camera interview has already been litigated and should be dismissed based on res judicata. The state court order issued on March 14, 2011 dismissing Plaintiff's complaint with prejudice was a final judgment on the merits. That decision was affirmed by the First District Court of Appeal of Florida. The state court is a court of competent jurisdiction, which properly heard and decided Plaintiff's claim. The parties in the instant action are identical to the parties named in the state court action. Additionally, Plaintiff's discrimination claim here is simply a rehash of the claim asserted in her state court lawsuit and is based on the identical factual scenario. To the extent Plaintiff adds citations to Title VII and the Fourteenth Amendment in the Amended Complaint that were not included in the state court complaint, such citations do not change the nature of the suit or the allegations made therein. See Hann, 462 F. Supp. at 860 (advising that courts look to the "substance and subject matter" rather than the "mere language and labels of the pleadings"). The Fourteenth Amendment does not provide for a private right of action, and Title VII governs claims in the employer-employee context. Accordingly, the undersigned finds that Plaintiff's claim of

-7-

discrimination in this matter is barred by res judicata. See Wilson, 878 F.2d at 850 (recognizing that "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated . . . "); see also McDonald v. Hillsborough Cnty. Sch. Bd., 821 F.2d 1563 (11th Cir. 1987) (affirming district court's holding that case was barred by res judicata based on the action already having been tried in a state court).

Even more, Plaintiff raises the same legal issue here as she did in state court–namely, whether a television station is a "public accommodation" for purposes of Title II of the Civil Rights Act of 1964. See Am. Compl. at 10-13. While res judicata bars relitigation of claims, collateral estoppel precludes relitigation of factual or legal issues. "Collateral estoppel or issue preclusion forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit." I.A. Durbin, Inc., 793 F.2d at 1549. There are four elements that must be met to apply the doctrine of collateral estoppel:

> (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

Id. (citations omitted).

The legal issue regarding whether a television station is a public accommodation was specifically addressed by the state court. As noted above, this issue seemed to be the main crux supporting the decision to dismiss Plaintiff's state court case; therefore, it was a critical

and necessary part of the judgment. Plaintiff had a full and fair opportunity to litigate the issue in state court, and she cannot now relitigate the issue here.[7]

### III. Conclusion

Upon review of the Amended Complaint, the Supplement, and the remainder of the file, the undersigned finds that this case is barred by res judicata and collateral estoppel and should be dismissed with prejudice as frivolous. See generally Wilson, 878 F.2d at 850; Bey v. Zurich N. Am., No. 6:11-cv-1180-Orl-35DAB, 2011 WL 4597344, at *3 (M.D. Fla. Aug. 23, 2011) (unpublished report and recommendation), adopted by, 2011 WL 4596698 (Oct. 4, 2011) (unpublished) (dismissing complaint based, in part, on res judicata and collateral estoppel because the "allegations were raised in a state court action"). Accordingly, it is

**RECOMMENDED:**

1. That the Affidavit of Indigency (Doc. No. 2), which the Court construes as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2. That this case be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[7] The undersigned does not construe Plaintiff's statement that she "doesn't believe that the Federal Law will or can agree with" the state court's ruling, Am. Compl. at 10, as directly challenging the state court judgment or asking this Court to overrule the state court's final judgment. Even if Plaintiff intended to make that request, however, this Court would not have subject matter jurisdiction based on the Rooker-Feldman doctrine. The Rooker-Feldman doctrine prohibits a district court from hearing "certain matters related to previous state court litigation." Jackson v. Blevins, 442 F. App'x 466, 468 (11th Cir. 2011) (unpublished) (citing Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001)). This Court is not the appropriate forum to hear or render a decision on a direct challenge to a state court judgment.

3. That the Clerk of Court be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on July 6, 2012.

_____
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Pro se party

-10-