# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

WYNOMA P. HOLLIS,

    Plaintiff,

vs.                                           Case No.  3:12-cv-483-J-34JRK

CBS TV 47 / CLEAR CHANNEL
BROADCASTING INC. and JACKSONVILLE
HUMAN RIGHTS COMMISSION,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Magistrate Judge James R. Klindt's Report and Recommendation (Doc. No. 8; Report) entered on July 6, 2012.  In the Report, Judge Klindt recommends that the Court deny Plaintiff, Wynoma Hollis's (Hollis's), Affidavit of Indigency (Doc. No. 2; Motion), which Judge Klindt construed as a Motion to Proceed In Forma Pauperis, and dismiss Hollis's Complaint (Doc. No. 1; Complaint).  On July 16, 2012, Hollis filed a Motion for Reconsideration of Complaint (Doc. No. 9; Objection), which this Court construes as Hollis's objection to the Report.  Additionally, she filed a supplement to that motion on July 17, 2012 (Doc. No. 10; Supplement).

Upon independent review of the record, and for the reasons stated in the Magistrate Judge's Report, the Court will overrule the Objection,[1] and accept and adopt the legal and factual conclusions recommended in the Report by Judge Klindt.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Reconsideration of Complaint (Doc. No. 9), which this Court construes as Plaintiff's objection, is **OVERRULED**.

2. Magistrate Judge James R. Klindt's Report and Recommendation (Doc. No. 8) is **ADOPTED** as the opinion of the Court.

3. Plaintiff's Affidavit of Indigency (Doc. No. 2), which the Court construes as a Motion to Proceed In Forma Pauperis, is **DENIED**.

---

[1] To the extent Hollis attempts to raise new claims in the Objection, those claims are not properly before the Court and this Court declines to hear them at this time. A request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in an objection. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)).

Moreover, even if it were proper to include a request for leave to amend in the Objection, the request is otherwise due to be denied based upon Hollis's failure to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. A'ppx 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same).

4. This case is **DISMISSED without prejudice**, and the Clerk of the Court is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of November, 2012.

MARCIA MORALES HOWARD
United States District Judge

i19
Copies to:
Pro Se Party